Lisa **SICKINGER**, Plaintiff,

v.

**MEGA SYSTEMS, INC.,** Kevin Trudeau, Jeffrey Salberg, and Janine Nubani, individually and as agents of Mega Systems, Inc., Defendants.

No. 2:96–CV–70–TS.

United States District Court, N.D. Indiana, Hammond Division.

Dec. 4, 1996.

James S. Fanzini, Ice, Miller, Donadio and Ryan, Indianapolis, IN, for Plaintiff.

Rosalie B. Levinson and Donald P. Levinson, Merrillville, IN, for Defendants.

## ORDER

SPRINGMANN, United States Magistrate Judge.

The Plaintiff worked as a telemarketer for the Defendant Mega Systems, Inc. from July, 1994, until the company terminated her in March, 1995. Eight days after being terminated, the Plaintiff filed her claim with the EEOC alleging sex discrimination. After receiving her right to sue letter, the Plaintiff filed suit in state court (which the Defendants removed to this Court) alleging violations of Title VII and other state law causes of actions. The Defendants moved to dismiss the Plaintiff's Title VII claim for retaliatory discharge and any possible Title VII claim against the individual defendants. The Court DENIES the Defendants' motion.

## I

The Plaintiff's Complaint presents claims arising out of her previous employment with the Defendant Mega Systems, Inc. Kevin Trudeau, Jeffrey Salberg and Janine Nubani are supervisors at Mega Systems. According to the Complaint, the Plaintiff began working for Mega Systems in July, 1994, as a telemarketer. In September, 1994, she moved to a position in Mega Systems' corporate office. The Plaintiff was paid a salary and a commission based on her sales. Although the Plaintiff claims that Mega Systems repeatedly told her she was a candidate for promotion to a management position, the Defendant ultimately terminated her on March 14, 1995.

On March 22, 1995, the Plaintiff went to the EEOC office and filled out a form labeled a "Charge Questionnaire." She took this questionnaire to an EEOC representative and assisted the representative in filling out the official charge of employment discrimination. In her questionnaire, the Plaintiff alleges that she complained about sexual harassment and was terminated. In the charge, however, the Plaintiff claimed that Mega Systems subjected her to sexual harassment and sexual discrimination, but did not mention her termination or retaliation of any sort. Later, on January 25, 1996, the EEOC sent her a "Notice of Right to Sue" letter.

The Plaintiff commenced her suit in Indiana state court on February 20, 1996, and the Defendant removed it to this Court

on March 15, 1996. The Complaint contains five claims against the Defendants. The first alleges that Mega Systems discriminated against the Plaintiff on the basis of her gender by failing to promote her and paying her less than similarly situated males. The second claim alleges sexual harassment including an allegation that Mega Systems terminated the Plaintiff in retaliation for her objecting to the harassment. (Compl. ¶ 32.) The Plaintiff also alleges claims for conversion, defamation, and breach of contract.

## II

### A. Plaintiff's Claim for Retaliation

■ The Defendants seek to dismiss the Plaintiff's claim that Mega Systems terminated her in retaliation for her complaining about sexual harassment. In her complaint, the Plaintiff sandwiched her allegation of retaliation among several allegations of sexual harassment found in Claim II. The Defendants argue that because the Plaintiff did not include this allegation in her EEOC charge, she cannot now bring suit alleging discrimination in her termination. The Plaintiff makes two arguments against the motion to dismiss her retaliation claim.

### 1. The EEOC Charge

■ Generally, a plaintiff may not bring claims under Title VII that were not included in the charge filed with the EEOC. *Harper v. Godfrey Co.*, 45 F.3d 143, 147–48 (7th Cir.1995); *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994). The purpose of this rule is twofold: it affords the EEOC the opportunity to quickly settle the dispute with the employer and puts the employer on notice of the charges against it. *Harper*, 45 F.3d at 148; *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992). Even if the charge does not contain the claim, however, a court must allow the uncharged claim if it is "like or reasonably related" to the EEOC charges and can reasonably be expected to grow out of an EEOC investigation of the charges. *Harper*, 45 F.3d at 148; *Cheek*, 31 F.3d at 500; *Rush*, 966 F.2d at 1111.

A claim is "like or reasonably related" to the EEOC charge only if there is a factual relationship between them. "This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Cheek*, 31 F.3d at 501. The time frame described in the charge and the complaint is also a relevant factor in determining whether or not a factual relationship exists. *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir.1989). In her EEOC charge, Sickinger complains of sexual harassment, failure to promote to the position of Sales Manager, and unequal wages. She checked the box for "sex" discrimination but not for "retaliation." She listed "05/27/94" as the date of the earliest act of discrimination and "01/25/95" as the date of the latest act of discrimination. The Plaintiff gives no details as to who performed the discriminatory or harassing acts alleged in the charge.

The Court finds that none of the charge's allegations are factually related to the complaint's allegation of termination in retaliation for filing a claim. Sexually harassing someone is a completely separate type of conduct from the act of terminating that person. The same is true for failing to promote and paying unequal wages. Furthermore, the Defendant terminated her on March 14, 1995. In her charge, she lists "01/25/95" as the date of the last act of discrimination. Not only did the termination occur several months after the other alleged acts of discrimination, but the Plaintiff, herself, does not complain of any act of discrimination (including her discharge) after January 25, 1995. Given the factual and time differences between the Plaintiff's charge and her allegation of retaliatory discharge, the Court concludes that the Plaintiff's charge did not present the allegation of retaliatory discharge to the EEOC.

Similarly, in *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473 (7th Cir.1996), the Plaintiff failed to mention retaliation in her charge and left blank the retaliation box at the top of the form. Like the present case, the alleged incidents of retaliation occurred before the Plaintiff filed her charge. The court reasoned that only those claims includ-

ed in the EEOC charge or likely or reasonably related to the allegations of the charge are actionable. Furthermore, the rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute quickly and of giving the employer warning of conduct about which the employee is aggrieved. The court concluded: "Because each of those incidents of retaliation could have been—and should have been—included in her administrative charge, they cannot now serve as the basis of the retaliation claim alleged in her complaint." *Id.* at 483.

The Plaintiff argues that the words in the charge essentially state an allegation of retaliatory discharge. The charge states:

> I *had been employed* with the Respondent since August, 1994. My position was Sales Representative. *I was denied employment as a Manager,* denied a Managerial promotion, paid unequal wages and subjected to continuous sexual harassment.

(Defs.' Ex. A (emphasis added)). The Court does not read this portion to allege retaliation. Simply stating that she had been employed with the Defendant from 1994 until some unknown date prior to the charging date does not describe a discriminatory action. From this first sentence, the reader does not even learn that the Defendant terminated the Plaintiff's employment. Later, the Plaintiff claims that she was denied employment *as a Manager.* The Court understands this sentence to complain of failure to promote the Plaintiff from a Sales Representative's position to the position of Manager. It says nothing about terminating the Plaintiff in retaliation for complaining about sexual harassment. In addition, by not checking the "Retaliation" box, the Plaintiff herself confirms the Court's understanding of her charge. Accordingly, the Court holds that the EEOC charge does not allege retaliatory discharge. Unless the Plaintiff can succeed on their second argument, her claim for retaliation in her complaint must be dismissed.

## 2. Documents Outside of the EEOC Charge

■ The Plaintiff's second argument asks the Court to consider her Intake Questionnaire as part of her charge. In response to the Defendants' Motion to Dismiss, the Plaintiff submitted a copy of the EEOC "Charge Questionnaire" she filled out on the day she filed her charge as well as an affidavit describing her visit to the EEOC office. In their reply, the Defendants submitted copies of two letters and an affidavit in support of its motion. Since both parties have submitted documents outside the pleadings for this Court's consideration, they are implicitly inviting the Court to decide the issue as a Motion for Partial Summary Judgment. *See* FED.R.CIV.P. 12(b) and *Egan v. Palos Community Hospital,* 889 F.Supp. 331, 337 (N.D.Ill.1995). The Court will accept the invitation and consider the additional submissions.

A court may consider "[a]llegations outside the body of the charge ... when it is clear that the charging party intended the agency to investigate the allegations." *Cheek,* 31 F.3d at 502. To date, the case law discussing this rule reveals only one method by which the charging party can show his or her intent to have the agency investigate the allegation: the charging party must somehow incorporate the outside allegations with the charge itself. For example, in *Cheek,* the Seventh Circuit found that "in assessing the scope of the EEOC charge, we may consider [the charging party's] statements in a sworn affidavit that she filed in support of the charge." *Id.* In *Rush,* the court considered a three-page, handwritten affidavit submitted to the EEOC along with the charge. Finally, in *Box v. A & P Tea Co.,* 772 F.2d 1372, 1375 (7th Cir.1985), the court looked to a handwritten addendum to a typed charge along with the plaintiff's questionnaire and found that the plaintiff had adequately presented a sex discrimination claim to the EEOC. In all of the cases where courts have looked to allegations outside the charge, those allegations have been found in documents that have been made part of, and probably directly attached to, the charge itself. In this case, however, while the Plaintiff claims that she wanted to include the retaliation claim as part of her charge, she does not, and cannot, claim that she intended to include the entire Charge Questionnaire.

Courts frequently consider allegations found outside of the body of the charge in situations where the charging party made an attempt to incorporate the documents containing the allegations into the charge itself. In such situations, both purposes behind the requirement of filing an EEOC claim prior to filing suit are fulfilled. The EEOC is, or should be, fully informed of what the charging party's complaint is. If the specific allegation is not found in the body of the charge, the EEOC can simply read through the documents filed with the charge to locate the additional allegations. The EEOC, then, can pursue whatever investigations or attempts at conciliation with the employer it deems necessary. Second, the employer is put on notice of the allegation. Again, despite the fact that the charging party has not placed the allegation in the body of the charge itself, the missing allegation appears in one of the documents filed with the charge. The employer receives copies of all of these documents at the same time it receives copies of the EEOC charge. The employer can read through the entire submission and know all of the allegations against it.

The Plaintiff, on the other hand, asks the Court to consider her Charge Questionnaire, a document which she never intended to include with the charge. In her questionnaire, the Plaintiff responded to the questions, "What action was taken against you that you believe to be discriminatory?" and "What harm, if any, was caused to you or others in your work situation as a result of that action?" with the following statement:

> During interview/application process I was denied a position based on sex. During employment, promotion was not possible because of sex. *I attempted to discuss this with the owner of the company, about two weeks later I was terminated.* During employment I was harassed by employees and managers of the company.

(Sickinger Aff. ¶ 5 (emphasis added); Pl.'s Ex. A at 1.) The questionnaire asked the Plaintiff to fill in the date of the most recent harm which she alleged took place. She wrote, "3/14/95," the date of her termination. After filling out the form, the Plaintiff met with an EEOC representative who assisted the Plaintiff by typing out the EEOC charge which failed to mention her termination and which stated that the last act of discrimination occurred on January 25, 1995.

The Plaintiff explains in her affidavit that

> After filling out the Charge Questionnaire and meeting with an EEOC representative during which I reiterated that I was complaining about the reasons for my termination, in addition to the discrimination and harassment during my employment, the formal EEOC charge attached to my complaint was prepared. I did not prepare the charge itself; it was typed up by the EEOC representative after his meeting with me. I do not know why he indicated that the latest the discrimination took place was January 25, 1995. However, I called it to his attention that I did not believe the date he put down was correct, and I was assured by him that the charge form was filled out correctly.

(Sickinger Aff. ¶ 7.)

If the Court goes forward and considers the questionnaire, at least one of the purposes behind the filing requirement would seem to be frustrated: the goal of formal employer notification. When the EEOC notifies the employer of charges filed against it, they do not send a copy of the charging party's questionnaire along with the charge and attached documents. Indeed, in this case, the Defendant specifically denies ever having seen the questionnaire before it was attached as an exhibit to the Plaintiff's Response to the Motion to Dismiss.

Nonetheless, the Court finds that if the Plaintiff's contentions of fact are true, which they must be taken as such in deciding a motion for summary judgment, then the Plaintiff has done everything a person can reasonably be expected to do to properly present her claim to the EEOC. The standard allowing the Courts to look beyond the body of the complaint only requires an objective showing that "the charging party intended the agency to investigate the allegations." The standard allows its application in situations such as the present one despite the fact that no case has so held. The Court finds that the Plaintiff has presented facts which

will allow her to present her allegation as a claim before this Court.

First, the Plaintiff properly and clearly presented her claim for retaliatory discharge in her questionnaire. She stated that she discussed her non-promotion because of sex with the owner of the company and was then terminated two weeks later. Although she did not use the word "retaliation," the Plaintiff expressed the causal connection between these two events by placing the one immediately following the other within the same sentence. The Plaintiff also listed the day of her termination, March 14, 1995, as the day of the last act of discrimination. The Plaintiff made her trip to the EEOC on March 22, 1995, exactly eight days after the Defendant fired her. Her termination was obviously the event which triggered her filing with the EEOC.

Despite the Plaintiff's indications otherwise, the EEOC representative made a mistake in not including her termination as an act of discrimination in the charge. To make matters worse, the representative assured the Plaintiff that everything was fine when she tried to inform him of the problem. By making such assurances, the EEOC affirmatively misled the Plaintiff into believing she had properly filed her retaliatory termination claim.

Furthermore, since the Plaintiff filed just eight days after being fired, the Defendant must have known that her charge had something to do with her termination. The Defendant cannot seriously contend that it was surprised to discover that the Plaintiff was complaining about her termination in addition to other alleged discriminatory acts. If the Defendant had wished to settle matters with the Plaintiff, it would have known that her termination would be an issue that needed to be addressed. An employer that receives notice that a former employee is charging them only with sexual harassment and failure to promote does not have official notice of her retaliation claim. Nonetheless, when the charging party files her charge eight days after being fired, the employer cannot claim prejudice or surprise when it later discovers that she was trying to complain about her termination as well.

The Plaintiff's assertion that the EEOC misled her into believing she had properly filed her retaliatory termination claim would entitle her to tolling of the administrative statute of limitations. *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 81 (7th Cir.1992). Tolling, of course, gives the charging party more time to file her charge. It does not dispense with the filing requirement altogether. In this situation, however, the Plaintiff had already filed a charge with the EEOC. Her questionnaire shows that she attempted to file a charge with respect to her retaliation claim, but the EEOC's mistakes stopped her from filing her retaliatory discharge claim. In somewhat similar situations, the Seventh Circuit has found it a pointless formality to refile a charge with the EEOC alleging retaliatory discharge. *See McKenzie*, 92 F.3d at 482–83. In *McKenzie*, the court summarized several cases which held that a double filing would serve no purpose except to create additional procedural technicalities. In all of those cases, the retaliation occurred after, and as a result of, the plaintiff's initial filing of his or her charge with the EEOC. The Court recognizes that the rule in *McKenzie* does not apply directly to the facts of this case because the alleged act of retaliation occurred before the Plaintiff filed her charge with the EEOC. Instead, the Court simply holds that the Plaintiff should not be required to refile with the EEOC to take advantage of the tolling argument in this case. To require such a prerequisite would force the Plaintiff to make a second attempt to file her retaliation claim under case law which does not clearly require such a formality. Instead, the Court finds that the Plaintiff reasonably presented her full claim as soon as it was challenged for the first time in this Court.

In this case, then, the Court finds that the Plaintiff's claim for retaliatory termination should not be dismissed from her complaint. The Plaintiff has presented evidence which, if believed by the trier of fact, would allow her to maintain her claim on its merits. After reviewing all of the specific facts in this case, "it is hard to see what more to ask of the employee" in terms of filing requirements. *See Early*, 959 F.2d at 81. In such a situa-

tion, the equities should balance in favor of allowing the employee to maintain the claim on its merits. *See id.*

### B. Plaintiff's Title VII Claims Against the Individual Defendants

The Defendants also seek to dismiss the Plaintiff's Title VII claims against the individual supervisors, Kevin Trudeau, Jeffrey Salberg, and Janine Nubani, under the theory that supervisors and managers cannot be held individually liable under Title VII. *Williams v. Banning,* 72 F.3d 552 (7th Cir. 1995). The Plaintiff responded by stating that her Complaint did not allege Title VII claims against the individual Defendants. Therefore, the Court will DENY the Defendants' Motion to Dismiss the Title VII claims against the individual Defendants as MOOT. The Plaintiff's Complaint simply does not state a claim under Title VII against Defendants Trudeau, Salberg and Nubani.

The resolution of this issue raises another, though the second is as easily resolved as the first. Since no federal claims are alleged against the individual Defendants, the Court does not have subject-matter jurisdiction over them pursuant to 28 U.S.C. § 1331. Instead, the Court must look elsewhere to locate its jurisdiction over these Defendants. In this case, the supplemental jurisdiction statute, 28 U.S.C. § 1367, provides the alternative basis for jurisdiction over the individual Defendants. Section 1367(a) permits the Court to exercise supplemental jurisdiction over claims which are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Court's supplemental jurisdiction "shall include claims that involve the joinder or intervention of additional parties." *Id.* The Court finds that the Plaintiff's state law claims against Kevin Trudeau, Jeffrey Salberg and Janine Nubani arise from the same case or controversy. The federal claims and the state law claims against the individual defendants involve a common nucleus of operative fact. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *but see Finley v. United States,* 490 U.S. 545, 549, 109 S.Ct. 2003, 2006, 104 L.Ed.2d 593 (1989) ("We may assume, without deciding, that the constitutional criterion for pendent-party jurisdiction is analogous to the constitutional criterion for pendent-claim jurisdiction [*Gibbs* ]...."). All of the claims arise out of the Plaintiff's short term of employment with Mega Systems. The Plaintiff's conversion and defamation claims implicates Defendants Nubani, Salberg and Trudeau, the same defendants implicated in her claims for sex discrimination and sexual harassment. The contract claim alleges breach of her employment contract resulting from action which the Plaintiff also claims was discriminatory. The issues and facts of this case are intertwined around the same, short time frame and a core group of supervisors engaged in conduct which the Plaintiff claims is discriminatory and harassing as well as violative of state law. Therefore, the Court may properly continue to exercise subject-matter jurisdiction over the state law claims and the individual defendants pursuant to 28 U.S.C. § 1367(a).

### III

For the foregoing reasons, the Defendants' Motion to Dismiss (which the Court decided in part as a Motion for Partial Summary Judgment) is DENIED.