NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2007[*]
Decided November 9, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1885

| | |
|---|---|
| FORREST CUPIL,<br> *Plaintiff-Appellant,*<br><br> *v.*<br><br> JOHN E. POTTER,<br> Postmaster General, United States<br> Postal Service,<br> *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br> No. 1:05-cv-06206<br><br> Elaine E. Bucklo,<br> *Judge.* |

**O R D E R**

Forrest Cupil appeals the dismissal on summary judgment of his claims of gender discrimination, sexual harassment, and retaliation brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to 2000e-17. We affirm the judgment.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Except as noted, the material facts are not in dispute. Cupil worked for the United States Postal Service as a maintenance engineer. His performance apparently was satisfactory until after he and a coworker ended a sexual relationship and began accusing each other of engaging in threatening behavior. Postal Service police officers became involved on November 30, 2002, and after talking to each party, a supervisor sent both of them home. That same day the supervisor placed Cupil in "emergency" off-duty status pending a full investigation of his alleged conduct. Two weeks later, on December 13, Cupil was back on the job when the Postal Service issued him a written reminder of its zero-tolerance policy towards aggressive or hostile workplace behavior. He was admonished to avoid contact with the women employed at the facility where he worked, and was told to have no contact on any Postal Service property with the coworker he threatened. Meanwhile, Cupil had been missing work without approval, which prompted a warning in January 2003 and a seven-day suspension beginning on February 13. Then on March 26 a facility manager, Cornell Brooks, once again placed Cupil in off-duty status after a supervisor reported that Cupil had smelled of alcohol and acted in a threatening manner during an encounter with the supervisor. Two weeks later, on April 9, 2003, Cupil was suspended for 14 days based on the March incident.

After that suspension, on April 25, 2003, Cupil submitted to the Postal Service an informal administrative claim of gender discrimination. *See* 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.105. He cited the above events as the factual predicate for his claim. The Postal Service was unable to resolve the claim, and in June 2003 Cupil submitted a formal administrative claim premised on the same facts. *See* 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.106. This time Cupil expressed his belief that Brooks had engineered the sanctions because he was jealous of Cupil's relationship with his coworker.

The Postal Service dismissed as time-barred Cupil's discrimination claim to the extent that it was based on his November 2002 placement in off-duty status, the zero-tolerance reminder he received in December 2002, and the seven-day suspension he received in February 2003. An "aggrieved person must initiate contact with an EEO counselor within 45 days of the date of the matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a)(1); *see Smith v. Potter*, 445 F.3d 1000, 1006-07 (7th Cir. 2006), but Cupil did not do so until April 25, 2003. Thus the Postal Service limited its consideration to the incident in March 2003 and his subsequent suspension. As to those incidents, the Postal Service in June 2005 issued a final decision concluding that Cupil had failed to prove any discrimination.

Cupil then brought this action in October 2005. He was no longer working for the Postal Service when he filed his complaint, which included claims of gender discrimination, harassment, and retaliation but offered no details. After the district

court ordered him to provide a more definite statement, Cupil specified that all three claims rested on the same events included in his administrative claims. Cupil then sought leave to add constitutional claims, but the court declined to accept them after recognizing that they were time-barred. Later, after the Postal Service had moved for summary judgment, Cupil also sought leave to add a claim of retaliatory discharge, but the court declined, explaining that it was "not fair to require the defendant to defend against a new allegation of retaliation."

The district court granted the Postal Service's motion for summary judgment. The court concluded that Cupil's retaliation claim was barred both because he omitted it during the administrative proceedings, *see Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 664 (7th Cir. 2000), and because all of the actions he complains about occurred before he engaged in any protected activity, *see Durkin v. City of Chicago*, 341 F.3d 606, 614-15 (7th Cir. 2003). The court also rejected Cupil's discrimination and harassment claims because he did not present any evidence that the actions he complained about were "based on" his gender. *See Valentine v. City of Chicago*, 452 F.3d 670, 680 (7th Cir. 2006); *Holman v. State of Ind.*, 211 F.3d 399, 406 (7th Cir. 2000). The court observed that Cupil lacked direct evidence of discrimination and thus was compelled to rely on the indirect method of *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). As a male, the court explained, Cupil was required to show background circumstances demonstrating that the Postal Service had reason or inclination to discriminate against men. *Gore v. Ind. Univ.*, 416 F.3d 590, 592-593 (7th Cir. 2005). Cupil made no effort to do so, the court continued, and neither did he submit evidence that the Postal Service treated similarly situated female employees more favorably than him. *See Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 559 (7th Cir. 2007).

On appeal Cupil does not discuss, or even acknowledge, the district court's analysis of his claims, nor does he identify any specific error in the court's reasoning that in his view would require reversal. Instead, Cupil simply reiterates his personal belief that he was treated unfairly because he is male. An appellant's brief must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9). Although we construe pro se filings liberally, we still must be able to discern an "articulable basis" for disturbing the district court's judgment. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). And here we cannot. Cupil's brief lacks a coherent response to the district court's explanation for granting summary judgment in favor of the Postal Service, and we "cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson,* 241 F.3d at 545. Cupil has not challenged the court's reasoning, and so his appeal must fail. *Id.* at 545-546. The judgment is therefore

AFFIRMED.