**Mary HEUER, Plaintiff–Appellant,**

**v.**

**WEIL–McLAIN, a division of The Marley Company, Defendant–Appellee.**

**No. 99–1370.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1999

Decided Feb. 18, 2000

Terry R. Boesch, Valparaiso, IN, for Plaintiff–Appellant.

Paul J. Peralta, Kevin D. O'Rear, Baker & Daniels, South Bend, IN, for Defendant–Appellee.

Before POSNER, Chief Judge, and COFFEY and MANION, Circuit Judges.

POSNER, Chief Judge.

Heuer, a stockroom attendant, brought suit against her employer, Weil–McLain, a boiler manufacturer, charging sexual harassment. A foreman, John Turner, had asked Heuer back in November of 1994 to have an affair with him. She refused. He continued for some time to importune her, and on occasion to grope and kiss her, but he stopped bothering her in February of the following year. They were placed on different shifts and had no relevant dealings with one another until a single incident in March 1996, more than a year after he had stopped harassing her. Late one night he surprised her in an empty stockroom, grabbing her in a bear hug and frightening her. She said, "John, if you let me go, I swear to God nobody will ever hear about this again. . . . I'll even back off on any case." He let her go, and left, saying, "Mary, if you won't press any more charges, I won't press any more charges." The reference to "case" and "charges" was to a charge of discrimination that Heuer had filed two months earlier, complaining about the earlier harassment by Turner. (Turner had filed no charges.) This was the only charge she had filed. She followed up in December of 1996 with the filing of this lawsuit. The district court granted summary judgment for the defendant.

We may assume without having to decide that Turner's behavior toward Heuer in the period ending in February 1995 would if made the basis of a timely charge have imposed liability on the defendant under Title VII for creating (or more precisely, permitting) a hostile working environment on account of Heuer's sex. But the charge she filed in January 1996—the only charge she filed—was outside the statute of limitations, so far as the period ending in February 1995 was concerned, having been filed more than 300 days after that. The only conduct not time-barred was the grabbing incident in March 1996. The charge she filed in January was a charge of sexual harassment, and since it was the only charge the question is whether the March incident created a hostile working environment for Heuer on account of her sex, or more precisely whether a reasonable jury could find this. We think not, as it is evident that the conduct had nothing directly or immediately to do with Heuer's being a woman, but rather with her having filed a charge of discrimination that implicated Turner, her assailant. The charge arose out of Turner's earlier creation of a hostile working environment motivated by Heuer's sex, but that is too remote a connection, for otherwise every claim of retaliation for filing charges of discrimination would be a claim of discrimination, even though Title VII makes dis-

crimination and retaliation separate wrongs. 42 U.S.C. §§ 2000e–2(a), –3(a); *Sweeney v. West*, 149 F.3d 550, 554 (7th Cir.1998); *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312–13 (7th Cir.1989); *Sullivan v. National Railroad Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir.1999); *Randel v. U.S. Dept. of the Navy*, 157 F.3d 392, 395 (5th Cir.1998). If Heuer were right there would be no requirement of stating in a charge of retaliation that it *was* a charge of retaliation, unless it was retaliation for discrimination against another employee. It would be enough to say that the complainant had been discriminated against. The law is otherwise: a complaint that charges discrimination is deemed not to place the employer on notice that he is being charged with retaliation. E.g., *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir.1996); *McKenzie v. Illinois Dept. of Transportation*, 92 F.3d 473, 483 (7th Cir.1996); *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.1997); *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 223 (8th Cir.1994).

■ Heuer did not mention retaliation in her administrative complaint. Yet despite the rule that we have just stated, this omission did not bar her from litigating the issue of retaliation. She was within an exception to the rule for the case in which the alleged retaliation is for filing the first claim, so that, if the rule did apply, separate administrative complaints would have to be filed, which has seemed unduly burdensome. E.g., *McKenzie v. Illinois Dept. of Transportation*, *supra*, 92 F.3d at 482–83; *Wallin v. Minnesota Dept. of Corrections*, 153 F.3d 681, 688–89 (8th Cir.1998). But she does not argue retaliation to us; she insists on characterizing the March incident as sexual harassment, which it was not. She has waived a claim of retaliation.

■ She may have hesitated to make such a claim because of doubt whether her *employer* retaliated against her for filing a discrimination claim; and it is the employer that is the defendant. The employer took no action against her, and it did not direct or encourage Turner to frighten her. Turner—the employee whom the claim identified as Heuer's harasser—was trying to intimidate Heuer so that she would drop the claim and he therefore would not get into trouble with their employer. No doubt—since the very purpose of the anti-retaliation provision is to prevent Title VII claims from being deterred, e.g., *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 543 (6th Cir.1993)—"retaliation" can be stretched to include efforts to induce a claimant to drop her claim, as opposed to efforts motivated purely by feelings of vengeance to "get back" at the claimant for having filed the claim. Cf. *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 889 (7th Cir.1996). No doubt, too, efforts to deter or prevent the filing of a claim can be actionable even if they take forms other than firing or demotion or other job action, e.g., *Knox v. Indiana*, 93 F.3d 1327, 1334–35 (7th Cir. 1996); *McDonnell v. Cisneros*, 84 F.3d 256, 258–59 (7th Cir.1996), provided they are severe enough to amount to adverse employment action, *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1039 (7th Cir.1998); *Sweeney v. West, supra*, 149 F.3d at 554; *McKenzie v. Illinois Dept. of Transportation, supra*, 92 F.3d at 483; *Richardson v. N.Y. State Dept. of Correctional Service*, 180 F.3d 426, 445–46 (2d Cir.1999); *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1264–65 (10th Cir.1998); *Wideman v. Wal–Mart Stores Inc.*, 141 F.3d 1453 (11th Cir.1998), the classic example being constructive discharge—an act or series of acts that has the *effect* though not the form of a discharge—or severe harassment itself. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 791–794 (6th Cir.2000); *Richardson v. N.Y. State Dept. of Correctional Service*, 180 F.3d 426, 446 (2d Cir. 1999).

■ But as just suggested, the purely personal act of the accused harasser makes a better fit with the model of co-worker harassment than with that of a

company discriminatory act. And this provides a tiny opening for Heuer to argue that her charge of sexual harassment should be deemed to have encompassed the nonsexual harassment to which Turner subjected her, after all. The argument is that a course of conduct which includes sexual advances topped off as it were with an effort to intimidate the victim can create a hostile working environment. And this is true. But Title VII does not impose liability on an employer for creating or condoning a hostile working environment unless the hostility is motivated by race, gender, or some other status that the statute protects. When the only conduct so motivated occurs more than the maximum permitted time before the charge is filed, the suit is barred. The statute may well impose liability, as we have suggested (and cases like *Morris* and *Richardson* hold), for the creation of a hostile working environment motivated not by sex but by the filing of a complaint, but if so this is a form of retaliation and must be argued as such; it is not a form of sexual harassment.

AFFIRMED.