In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-3306

KAREN KODL,

*Plaintiff-Appellant,*

*v.*

BOARD OF EDUCATION SCHOOL
DISTRICT 45, VILLA PARK,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 3837—**Amy J. St. Eve**, *Judge.*

ARGUED APRIL 5, 2007—DECIDED JUNE 4, 2007

Before EASTERBROOK, *Chief Judge,* and BAUER and
WOOD, *Circuit Judges.*

BAUER, *Circuit Judge.* In 1987, the Board of Education
School District 45, Villa Park (the "School District"), hired
Karen Kodl as a physical education teacher at Jackson
Middle School. In 2004, the School District transferred her
to Schafer Elementary School, where she is currently
employed. Following her transfer, Kodl, then forty-seven
years of age, sued the School District alleging sex discrimi-
nation and retaliation under Title VII of the Civil Rights
Act of 1964, 42 U.S.C. § 2000e *et seq.*, and age discrimina-

tion and retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* The district court granted defendant's motion for summary judgment. We affirm.

## I. Background

Kodl's allegations revolve around the following incidents:

When the P.E. Team Leader at Jackson Middle School retired in 2002, Anthony Palmisano, the principal, divided the P.E. Team Leader position into two separate positions: "Team Leader" and "Athletic Director." Kodl applied for both positions, and other P.E. teachers applied for each position. Kodl was awarded the position of Team Leader, but she rejected the offer. She then filed a grievance based on her belief that the division of the Team Leader position violated the collective bargaining agreement between the School District and the union. The following year, Kodl did not apply for either position. The positions were consolidated and awarded to a male under forty years of age.

Around December 10, 2003, Linda Rajca, another P.E. teacher, submitted a written complaint about Eric Willis, a male under the age of forty, who was a mathematics teacher and also taught P.E. classes. Rajca's complaint described three examples of Willis's conduct: (1) he and another P.E. teacher wanted to use the gym for boys basketball teams during girls volleyball intramurals; (2) he had students relay "snotty" messages to Kodl; and (3) he was "very unprofessional and very demeaning" at a meeting he requested with Rajca and Kodl. Palmisano and Carol Hogsfelt, the Assistant Superintendent of Human Resources for the School District, immediately investigated the claims, interviewing every witness, including Kodl. They concluded that Rajca's complaints did not constitute sexual harassment or general harassment, and at worst,

involved petty misunderstandings. The School District asserts, and Kodl disputes, that it issued Willis a verbal warning against engaging in inappropriate conduct.

Kodl claims that Willis harassed her during volleyball matches and that she reported such conduct to Palmisano at the end of February 2004. Palmisano denies that Kodl reported any purported harassment to him at that time.

In March 2004, Rajca and Kodl accused Tisha Alvarez, an under forty years of age P.E. teacher, of stealing petty cash from the girls' locker room. Alvarez denied stealing the money. Following an investigation, Palmisano was unable to reach a conclusion as to whether money was missing from the girls' P.E. department and whether Alvarez had stolen any money. Palmisano told Kodl and Rajca that there was no proof of any missing money.

Kodl says that at a March 2004 meeting, Palmisano told her that she was the problem in the P.E. department and that she had "better change or watch out." Palmisano denied making such statements but admitted raising the issue that other teachers and staff members had expressed concerns about Kodl.

Around April 6, 2004, Willis notified Palmisano that Kodl and Rajca had attempted to secretly tape record him. Interview notes from a recorded meeting between Kodl and Palmisano indicated that Kodl admitted that she had tried unsuccessfully to tape record Willis. As a result of this incident, Kodl received a written reprimand for her behavior, and Rajca received a written reprimand for failing to report the incident. Kodl claims, while the School District denies, that Alvarez was involved in the tape-recording incident. Alvarez did not receive a written reprimand.

At a meeting in April 2004, six teachers complained to Palmisano and other administrators about the behavior of

Kodl and Rajca and unanimously requested that they be "split up."

On April 30, 2004, Palmisano gave Kodl an overall rating of "satisfactory" in her performance evaluation. He wrote "[t]he area of most concern is that of professionalism. You have not conducted yourself in a professional manner in several instances." He listed examples of Kodl's unprofessional conduct: (1) interacting with secretaries and other staff members in a manner that made them uncomfortable; (2) attempting to tape-record a co-worker; and (3) crying while on the phone with Palmisano after not being invited to play in a volleyball game.

After these events, the School District decided to transfer Kodl from Jackson Middle School to Schafer Elementary School. The transfer memorandum stated that "[t]his transfer is the result of your demonstrated failure to relate in a positive manner with other teachers at Jackson Middle School." After receiving the notification, Kodl filed five grievances, including one asserting age and sex discrimination. Union representatives concluded that her grievances were without merit and refused to pursue them.

When a position opened up in the P.E. department at Jackson Middle School in October 2004, Kodl requested a transfer back to the school. The School District denied her request and hired a woman under forty to fill the position.

After Kodl filed her suit, the School District moved for summary judgment, which the district court granted. The district court held that even if Kodl could establish a *prima facie* claim of discrimination, she could not show that the School District's reasons for transferring her were a pretext for discrimination. The district court also found that Kodl could not establish a *prima facie* case of retaliation because she had not engaged in protected activity, and even if she had engaged in protected activity, she failed to establish causation and pretext. Kodl filed this timely appeal.

## II. Discussion

We review a district court's decision to grant summary judgment *de novo*. *Cengr v. Fusibound Piping Sys.*, 135 F.3d 445, 450 (7th Cir. 1998). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### A. Age and Gender Discrimination

Kodl first challenges the district court's determination that she could not show that the School District's reasons for transferring her were a pretext for discrimination. To prevail on her claims of age and gender discrimination, Kodl is required to show that the School District's reasons for transferring her were a pretext. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). "A pretext . . . is a deliberate false-hood." *Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 419 (7th Cir. 2006) (citations omitted). "[T]o show pretext, [plaintiff] must show more than [defendant's] decision was mistaken, ill considered or foolish, [and] as long as [the employer] honestly believes those reasons, pretext has not been shown." *Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 823 (7th Cir. 2006) (internal quotations omitted). "The only concern in reviewing an employer's reasons for termination is the honesty of the employer's beliefs." *Forrester,* 453 F.3d at 419 (*quoting Balderston v. Fairbanks Morse Engine Division*, 328 F.3d 309, 323 (7th Cir. 2003)).

The School District asserts that it transferred Kodl because she was not getting along with her co-workers at Jackson. On appeal, Kodl argues that this reason is a pretext for discrimination because of the vastly more

favorable treatment Willis and Alvarez received as compared to Kodl. Specifically, Kodl claims that both Willis and Alvarez engaged in misconduct without discipline. As the district court recognized, however, there is no evidence that Willis and Alvarez engaged in misconduct. Willis denies he engaged in the conduct of which he was accused. And, the School District's investigations confirmed that position and further found that Alvarez had not participated in the tape recording incident. Moreover, Kodl admitted that she engaged in unprofessional conduct in attempting to tape record a co-worker. Kodl has not shown pretext, and the district court did not err in granting summary judgment on Kodl's sex and age discrimination claims.

### B. Retaliation

Kodl next claims that the district court erred by entering summary judgment on her retaliation claims. A *prima facie* case of retaliation may be made directly or indirectly. Under the direct method, a plaintiff must show (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action taken by the employer; and (3) a causal connection between the two. *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 903 (7th Cir. 2005). Under the indirect method, plaintiff must show that she (1) engaged in statutorily protected expression, (2) met the employer's legitimate expectations, (3) suffered an adverse employment action, and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected expression. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006).

The district court found that Kodl could not establish a *prima facie* case of retaliation under either a direct or an indirect method because she did not engage in protected expression, and even if she had, she failed to establish pretext. We agree.

To constitute protected expression, "the complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class. Merely complaining in general terms of . . . harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Tomanovich,* 457 F.3d at 663 (citations omitted). Neither Kodl's grievance regarding the Team Leader position nor her participation in Rajca's written complaint constitute protected expression. During her deposition, Kodl stated that her grievance regarding the Team Leader position had nothing to do with age or gender discrimination. Further, Rajca's written complaint did not assert claims of age or sex discrimination but only harassment in general. In conjunction with Rajca's complaint, Kodl claims that she made an informal complaint about inappropriate comments made by Willis that she later charactered as "silly." "Silly" comments are not the stuff (generally speaking) that violate Title VII or the ADEA.

Additionally, the district court held that Kodl could not establish a causal link in support of her retaliation claim. "[S]uspicious timing alone rarely is sufficient to create a triable issue." *Moser*, 406 F.3d at 905. A temporal proximity between Kodl's claimed protected activities and her transfer, standing alone, does not establish the requisite causal connection. Kodl presents no evidence of causation other than a chronology of the events leading up to her transfer. The district court did not err.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*