NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2011[*]
Decided August 8, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1790

| | |
|---|---|
| MITCHELL WOJTANEK, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 08 C 3080 |
| DISTRICT NO. 8, INTERNATIONAL | |
| ASSOCIATION OF MACHINISTS AND | Rebecca R. Pallmeyer, |
| AEROSPACE WORKERS, AFL-CIO, | *Judge*. |
|     *Defendant-Appellee*. | |

**O R D E R**

Mitchell Wojtanek was 65 years old and three months shy of retirement when his employment with Consolidated Container Corporation abruptly ended. Wojtanek and Consolidated disagree about whether he quit or was fired, but that dispute is not before us. In this litigation, Wojtanek has sued his union claiming that, because of his age, the union did not represent him aggressively in his dispute with Consolidated. *See* 29 U.S.C.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

§ 623(c)(1). In his pro se complaint Wojtanek also included other claims that do not warrant discussion here. The district court granted the union's motion for summary judgment. Because Wojtanek failed to produce evidence raising an inference of age discrimination, we affirm the judgment.

The following account of events is drawn from the evidence at summary judgment, as viewed in the light most favorable to Wojtanek. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 299-300 (7th Cir. 2011). Wojtanek was a maintenance mechanic at Consolidated for 4½ years. His problems with the union began shortly before his termination. Wojtanek had asked Francisco Zuniga, his union steward, to file a grievance about safety concerns. Zuniga was reluctant to help and quipped that if Wojtanek died it wouldn't be "much waste." A few months later, when a supervisor was questioning Wojtanek about an unrelated incident, Zuniga called him a liar and said it was "time to retire."

On August 4, 2006, Consolidated told Wojtanek that he was being fired because his work performance was substandard. Wojtanek again reached out to Zuniga. In a letter faxed three days after his termination, Wojtanek informed Zuniga of his discharge, described chronic bullying by his supervisor, and insisted that he was being fired because of his impending retirement. When Wojtanek reached Zuniga by phone later that same day, he asked him to file a grievance, and Zuniga replied that Wojtanek was "finished" and there "was no more room" for him at Consolidated. Wojtanek persisted, and during a second telephone conversation the next day, Zuniga told him that a grievance would be a waste of time because he was close to retirement.

Yet Zuniga did file a grievance, even though, he says, Wojtanek had changed his mind after their initial conversation and directed him not to. According to Zuniga, on August 9 he received another telephone call from Wojtanek, who revealed that he had found a new job and said that he didn't want to return to Consolidated or to pursue a grievance. Zuniga adds that he already had been told by Consolidated's department of human resources that Wojtanek also had told human resources about his new job and his disinterest in pursuing a grievance. (Wojtanek denies mentioning to anyone that he had found a new job or that he did not want to return to work at Consolidated, but the record shows that he formally accepted a position at a different company, in writing, about a week after his phone conversation with Zuniga.) After hanging up with Wojtanek, Zuniga called a union official, Rufus Eskew, for advice and reported that Wojtanek had said he quit and didn't need help from the union. Eskew told Zuniga to file a grievance anyway. Zuniga did so that same day, and in the grievance he demanded that Wojtanek be reinstated. Wojtanek has accused Zuniga of lying about having filed this grievance, but on that question there is no material dispute; the record establishes that, although Wojtanek did not sign the form, a grievance was submitted on his behalf.

Eskew followed the grievance process and scheduled a meeting for August 23 with management representatives. Before that meeting Eskew privately conferred with Wojtanek and another union representative (Zuniga did not attend) and reviewed Wojtanek's disciplinary record and his complaints about Consolidated. According to Eskew, Wojtanek said during this private discussion that all he wanted was continued health insurance, though Eskew advised him to also request that Consolidated not oppose his claim for unemployment benefits. Wojtanek, in contrast, denies saying that he wanted only insurance benefits, but at summary judgment he did not suggest that he told Eskew he wanted his job back or anything else besides health insurance and unemployment benefits.

Eskew and the other union representative then accompanied Wojtanek to a meeting with three members of Consolidated's management. The lead manager insisted that Wojtanek had either quit or resigned. Wojtanek vigorously disagreed and asked Eskew to intervene, but Eskew remained silent. (Eskew's account differs; he says that during this meeting he asked Wojtanek to tell the Consolidated managers what he was seeking, and Wojtanek had answered that he wanted only unemployment benefits and continued health coverage.) After nearly four hours, the managers presented Wojtanek with a proposed severance agreement. That document provided that Wojtanek would concede that he resigned, his health benefits would continue, and Consolidated would not contest his unemployment claim. Wojtanek told the managers that he wanted an attorney to review the proposal, so they made him a copy.

Wojtanek maintains that he was unaware that this meeting was part of the grievance process. Two days after the meeting, Wojtanek says, Eskew telephoned and offered to help find him work. When Wojtanek asked if Eskew thought that Wojtanek had been fired because of his age, Eskew hung up. Eskew denies making this call.

Wojtanek then filed this suit under sections 623(c)(1) and 626(c)(1) of Title 29, which authorize a private right of action against any labor organization that discriminates against its members on the basis of age. Wojtanek alleged that he had complained to the union about age discrimination by Consolidated but was refused help because he was close to retirement. (Wojtanek later filed a second lawsuit claiming discrimination by the union, and he also has sued Consolidated for age discrimination. Those cases and the underlying events are not before us in this appeal.) The district court enlisted counsel to assist Wojtanek.

In moving for summary judgment, the union contended that Wojtanek lacked evidence of discrimination and, indeed, had received adequate representation. Zuniga had filed a grievance, the union pointed out, and Eskew had attended the meeting with management. Moreover, the union argued, Zuniga was not a decisionmaker for the

organization, and thus his earlier comments to Wojtanek, even if they suggest a personal prejudice, could not establish discrimination by the union. And there was no evidence, the union insisted, that Eskew, who was a decisionmaker, ever took Wojtanek's age into account. The union also argued that Wojtanek could point to no specific examples of younger employees who were treated more favorably by the union.

In response, Wojtanek stood by his contention that the grievance form produced by the union after he filed his administrative charge of discrimination was fabricated and argued that he would have been asked to sign it if it was authentic. Moreover, Wojtanek argued, the grievance misrepresented his complaints. Wojtanek agreed that Zuniga was not a decisionmaker for the union but argued that Zuniga had exerted "singular influence" over the process because he was Eskew's sole source of information about Wojtanek and thus his unfavorable comments could be imputed to Eskew. He also named three younger employees who returned to work at Consolidated after being disciplined, though he admitted having no knowledge about what the union had done for them.

In ruling for the union, the district court concluded that Wojtanek had failed to produce enough evidence to survive summary judgment under either the direct or indirect methods. According to the court, the evidence refutes Wojtanek's contention that he was inadequately represented: It is beyond dispute that the union filed a grievance, scheduled a meeting with management, and represented him at that meeting. Moreover, the court continued, Wojtanek lacks evidence of a link between his age and the union's purportedly substandard representation. Zuniga was not a decisionmaker, the court reasoned, so his animus did not cause Wojtanek to suffer any adverse action. And there is no evidence that Eskew treated Wojtanek differently because of his age or treated younger employees more favorably.

Wojtanek, who again is pro se, largely ignores the district court's decision and simply rehashes his accusation that the union discriminated against him by not aggressively representing him because he was close to retirement. To prevail on a claim of age discrimination, Wojtanek needed to produce evidence tending to show that his age was the "but for" cause of an adverse action taken against him by the union. *See* 29 U.S.C. § 623(c)(1); *Gross v. FBL Fin. Servs.*, 129 S. Ct. 2343, 2350-51 (2009) (holding that age-discrimination claim against employer under 29 U.S.C. § 623(a)(1) requires showing of "but for" causation); *Serafinn v. Local 722, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 597 F.3d 908, 915 (7th Cir. 2010) (extending *Gross* to statute using language similar to § 623(a)(1)).

We agree with the district court that Wojtanek's evidence would not allow a jury to reasonably conclude that the union provided him with inadequate representation, much

less that age was the "but for" cause of any deficiency. Once the union produced evidentiary support for its version of events, Wojtanek had to submit enough evidence upon which a jury could reasonably decide in his favor. *See Mosley v. City of Chicago*, 614 F.3d 391, 396 (7th Cir. 2010). Although he argues that the grievance produced by the union is a forgery, no jury could reasonably believe this assertion without evidence to back it up. Anyway, the contention is frivolous in light of the undisputed evidence that Wojtanek and Eskew met with management representatives for the very purpose of *discussing the grievance*. And as for Wojtanek's allegation that Eskew remained too passive at the meeting with management, Wojtanek's opinion that Eskew should have been more vocal is not evidence that Eskew's advocacy was deficient. *See Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009) (noting that "inferences relying on mere speculation or conjecture will not suffice" to defeat summary judgment); *Mlynczak v. Bodman*, 442 F.3d 1050, 1058 (7th Cir. 2006) (concluding that plaintiff's subjective impression of employer's comment did not raise genuine factual dispute).

Moreover, even if Eskew's advocacy at the meeting could be characterized as subpar, there is no evidence that Wojtanek's age was the reason. Wojtanek argues that, under the so-called "cat's paw" theory, Zuniga's negative comments about his age must be imputed to Eskew because, Wojtanek insists, Zuniga negatively influenced Eskew's advocacy by falsely reporting that he didn't want his job back. The "cat's paw" theory has its roots in Title VII and was recently discussed by the Supreme Court in a case arising under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301–4333. *See Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1190 & n.1 (2011). For the theory to apply, the biased actions of someone who was not the decisionmaker must have been the proximate cause of an adverse action suffered by the plaintiff. *Id*. at 1194. But here there is no evidence that Zuniga negatively affected Eskew's representation of Wojtanek. Despite Zuniga's comments, Eskew directed Zuniga to file a grievance on Wojtanek's behalf and then met with Wojtanek—without Zuniga present—to discuss Wojtanek's side of the story and learn what he hoped to gain from negotiations with Consolidated. Furthermore, even if Zuniga did somehow exert influence over Eskew, this showing would still be unlikely to satisfy the ADEA, which imposes a higher burden on plaintiffs than either Title VII or the statute at issue in *Staub*. *See Simmons v. Sykes Enterprises, Inc.*, No. 09-1558, 2011 WL 2151105, at *4-5 (10th Cir. June 2, 2011) (discussing application of *Staub* to ADEA). Under the ADEA, Wojtanek had to show that age was the *determinative* factor—not just a motivating factor—in the union's decision to take adverse action. *See Gross*, 129 S. Ct. at 2352; *Lindsey v. Walgreen Co.*, 615 F.3d 873, 876 (7th Cir. 2010). And there is no evidence that Eskew would have represented Wojtanek differently "but for" the comments made by Zuniga.

Wojtanek also failed to raise an inference of age discrimination under the indirect method of proof. In cases against unions, a plaintiff proceeding under the indirect method

must at least show that the union treated him differently than similarly situated union members outside his protected class. *Serafinn*, 597 F.3d at 918; *Johnson v. Artim Transp. Sys., Inc.*, 826 F.2d 538, 542 (7th Cir. 1987); *Tate v. Weyerhaeuser Co.*, 723 F.2d 598, 607 (8th Cir. 1983); *Donaldson v. Taylor Prods. Div. of Tecumseh Prods. Co.*, 620 F.2d 155, 159 (7th Cir. 1980). Although Wojtanek named younger employees who were disciplined and yet returned to work, he admitted that he could not say what representation, if any, the union had provided to those employees.

Wojtanek includes in his brief a number of other points that do not warrant discussion because they were not presented to the district court, *see Sow*, 636 F.3d at 301, or else relate to the dismissal of his second, unrelated discrimination case against the union, in which he alleges that the union refused to represent him again when he was fired from the job he took after he left Consolidated, *see Wojtanek v. Dist. Lodge No. 8 of the Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, No. 08-CV-7074, 2011 WL 248495 (N.D. Ill. Jan. 25, 2011).

AFFIRMED.