NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 20, 2012
Decided August 20, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1801

| | |
|---|---|
| MITCHELL WOJTANEK, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 11 C 8320 |
| PACTIV LLC, fka PACTIV CORPORATION, | Charles R. Norgle, |
| *Defendant-Appellee.* | *Judge*. |

**O R D E R**

Mitchell Wojtanek has a history of filing lawsuits claiming employment discrimination. *See Wojtanek v. Dist. No. 8, Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 435 F. App'x 545 (7th Cir. 2011); *Wojtanek v. Consol. Container Co.*, No. 09 CV 202, 2011 WL 4036126 (N.D. Ill. 2011); *Wojtanek v. Dist. Lodge No. 8 of the Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, No. 08-CV-7074, 2011 WL 248495 (N.D. Ill. Jan. 25, 2011). This time he has filed separate suits, one alleging age discrimination and the other retaliation, against Pactiv Corporation, where he worked for less than two months. This appeal concerns only the suit claiming retaliation, which the district court dismissed on the

ground that Wojtanek had not submitted a timely administrative charge of retaliation. We affirm the dismissal.

In September 2006 Wojtanek began working as a maintenance mechanic for Pactiv, a manufacturer of food-packaging products. In November 2006, while still on a 90-day period of probationary employment, Wojtanek was fired. He says he was told that he worked too slowly.

In April 2007 Wojtanek complained to the Illinois Department of Human Rights (and indirectly to the Equal Employment Opportunity Commission) that Pactiv had harassed and fired him because of his age and in "retaliation" for refusing to complete company employment forms. According to an intake questionnaire that Wojtanek completed for the IDHR, Pactiv had lost his initial job application and then, before he could file a new application, the company revised its hiring procedures to require additional employment forms (which Wojtanek refused to complete after he was hired). Wojtanek, who was then 65, also alleged in the questionnaire that his supervisors refused to talk to him or give him work assignments, ignored his achievements and suggestions, would not give him performance evaluations, and subjected him to "degrading, humiliating treatment every day." The same day that he submitted the completed intake questionnaire, Wojtanek also signed off on a formal charge of discrimination listing harassment as the basis of the charge. There is no mention of retaliation in the formal charge. The IDHR eventually concluded after investigation that Wojtanek's allegations could not be substantiated, and in August 2009 the EEOC issued a right-to-sue letter. After receiving that letter, Wojtanek filed the first of his lawsuits against Pactiv, which was docketed as case number 1:09-cv-06551. In that suit Wojtanek claims that he was harassed and fired because of his age, in violation of the Age Discrimination in Employment Act, *see* 29 U.S.C. § 623(a), (d). Wojtanek's complaint in that litigation does not mention retaliation, nor does the complaint allege that Wojtanek complained about age discrimination or told his supervisors that he was considering submitting an administrative charge of discrimination.

Meanwhile, in May 2008, Wojtanek had requested that the IDHR amend his April 2007 charge of discrimination to include a claim that Pactiv had fired him in November 2006 to retaliate for complaints of age discrimination he allegedly made during the hiring process in August 2006. What resulted, however, is a second charge of discrimination dated May 28, not an amendment of Wojtanek's April 2007 charge. The IDHR again concluded after investigation that Wojtanek's allegations could not be substantiated, and for the second time, in September 2011, the EEOC issued a right-to-sue letter. Wojtanek then filed his second lawsuit—the one underlying this appeal—claiming that he was fired in November 2006 in retaliation for complaining about age discrimination and threatening to file a charge of discrimination. Wojtanek explained that he had opposed the "irrational, cruel hiring

process hampered by prejudices, hostility directed against me based on my age." This second lawsuit was docketed as case number 1:11-cv-08320 and consolidated for disposition with Wojtanek's earlier complaint.

Pactiv moved to dismiss the second lawsuit, arguing that Wojtanek's charge of discrimination accusing the company of unlawful retaliation had been untimely because it was submitted to IDHR more than 300 days after the allegedly retaliatory act. *See* 29 U.S.C. § 626(d)(1)(B); *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009). Pactiv also argued that any other conceivable claim unrelated to Wojtanek's termination should be dismissed because the loss of his job was the sole retaliation alleged in the charge of discrimination. The district court agreed with Pactiv's contentions and dismissed the second lawsuit. What remained is the first suit (which is still pending) claiming only age discrimination.

Wojtanek appeals the dismissal of his second lawsuit. Reading his appellate brief liberally, as we must for pro se filings, *see Bennett v. Gaetz*, 592 F.3d 786, 790 (7th Cir. 2010), Wojtanek essentially argues that his claim of retaliation was administratively exhausted because, by his account, he mentioned retaliatory discharge in the intake questionnaire he submitted to the IDHR in April 2007. As evidence of this, Wojtanek points to language in the questionnaire saying that he was fired in retaliation for refusing to complete all of the paperwork Pactiv required for employment.

The district court correctly dismissed Wojtanek's retaliation suit. In this court, Wojtanek does not disagree that his second administrative charge was ineffectual to timely exhaust his claim of retaliation. Instead, then, Wojtanek's argument must be that his mention of the word "retaliation" in his April 2007 intake questionnaire was enough to satisfy the requirement of an administrative charge of retaliation within the 300-day limit. Although a plaintiff who signs a formal administrative charge generally is limited to pursuing allegations included in that submission even if the agency was given additional information during the intake process, *Novitsky v. Am. Consulting Eng'rs*, 196 F.3d 699, 702 (7th Cir. 1999), it is an open question in this circuit whether a pro se plaintiff is bound by a formal charge if critical information supplied to the agency was omitted, *id.* at 703 (Rovner, J., concurring); *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1101–02 (9th Cir. 2002) (disagreeing with *Novitsky* and holding that plaintiff will not be bound by narrower charge drafted by EEOC or state agency if agency employees "distorted her claims when transferring allegations from an intake questionnaire onto the charge form"). Although the Supreme Court has held that in some circumstances even an intake questionnaire can constitute a charge of discrimination, *see Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 401–405 (2008) (concluding that intake questionnaire accompanied by detailed six-page affidavit explaining basis for claim and requesting agency to take action constituted charge

of discrimination in absence of a formal charge); *E.E.O.C. v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 597–98 (7th Cir. 2009), the Court has not addressed the situation where the plaintiff has signed a formal charge of discrimination that narrows the allegations presented to agency officials.

In the end, however, Wojtanek's appellate argument fails because there is no practical difference between the content of his April 2007 charge of discrimination and the supposedly broader allegations in his intake questionnaire: That questionnaire does not allege that Wojtanek was retaliated against *for engaging in protected activity*. Wojtanek's intake questionnaire does identify "retaliation/age" as a basis for his claim, but what he describes is discrimination and harassment because of his age. Nowhere does he allege that he complained to Pactiv management about age discrimination, or threatened to file a charge of discrimination, or otherwise engaged in protected activity. Rather, his contention in April 2007 was that Pactiv "retaliated" by firing him after he had refused to complete all of the paperwork required for continued employment. This outcome is not *actionable* retaliation prohibited by the ADEA. *See Smith v. Lafayette Bank & Trust Co.*, 674 F.3d 655, 658 (7th Cir. 2012); *Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 562–63 (7th Cir. 2007).

Nothing about Wojtanek's submission to the IDHR in April 2007 suggests that he was asking the agency to investigate allegations of retaliation for engaging in protected activity. Indeed, the IDHR's action in conducting a new investigation in response to Wojtanek's second charge in May 2008 shows that the agency did not regard retaliation to be a part of the initial charge. It follows that, because Wojtanek's initial charge did not include a claim of retaliation, he is left only with his later, untimely charge of retaliation. *See Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864–65 (7th Cir. 2010); *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 664 (7th Cir. 2000) (noting that allegations outside four corners of charge may be considered when charging party clearly intended agency to investigate those allegations). Thus, dismissal of Wojtanek's ADEA suit claiming retaliation was proper.

AFFIRMED.