In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-1233

EHNAE NORTHINGTON,

*Plaintiff-Appellant*,

*v.*

H & M INTERNATIONAL,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 CV 6297—**Blanche M. Manning**, *Judge*.

ARGUED OCTOBER 26, 2012—DECIDED MARCH 21, 2013

Before EASTERBROOK, *Chief Judge*, and CUDAHY and
TINDER, *Circuit Judges*.

CUDAHY, *Circuit Judge*. This is a Title VII case involving
two issues on appeal: whether in a grant of summary
judgment there was any relevant issue of material fact
and whether a discovery sanction was properly applied
and adhered to by the district court.

Since 2005, plaintiff-appellant Ehnae Northington
worked as a lot checker at one of H & M Interna-
tional Transportation's railroad and trucking terminals,
Global II. Northington dated an H & M employee, Terrell

Maghett. Maghett was also involved in a seven-year relationship with another H & M employee, Shequita Sims. Sims became suspicious of the existence of a relationship between Northington and Maghett and made verbal and physical threats toward Northington. Northington brought certain concerns that she had about Sims' behavior to the terminal manager, Bart Collins. However, Collins was then dating (and has subsequently married) Sims' mother, Tanga Hoskin-Collins, the assistant terminal manager. Collins met with Sims and Northington to attempt to settle their dispute and warned them to keep their personal disputes outside of the workplace.

The conflict between Northington and Sims culminated in Sims' physically assaulting Northington at a gas station, off H & M property. Northington then filed a criminal complaint against Sims. Sims pleaded guilty to battery and the Cook County Circuit Court issued an Order of Special Conditions of Bond or Release (SCOB), which required Sims not to have any unlawful contact with Northington at work. Northington provided the SCOB to the Union, but did not provide a copy to H & M. Additionally, Northington made internal complaints to H & M officers, including H & M's President and Director of Operations. Northington complained that Sims and Hoskin-Collins harassed her, and she complained about the management style of Collins and Hoskin-Collins. Northington did not complain that the harassment was based on her race or gender.

During a safety inspection of Northington's work vehicle, the inspector suspected that Northington was

under the influence of drugs due to certain behavior: slow response time, difficulty following conversation and constricted pupils. The inspector spoke to Collins and they agreed that Northington should be tested for drugs based on their "reasonable suspicion," which was consistent with H & M's policy. Northington and the inspector went to Concentra, a drug testing facility, and Northington provided a urine sample. A Concentra nurse determined that the sample was unusable because it was "too cold." Concentra procedures required a second urine sample, within three hours, under the direct observation of a Concentra nurse. Northington was instructed to wait in the waiting room until she could donate another sample, but she left Concentra without providing a second sample, despite warnings that such an exit would be considered a "Refusal to Test" and be reported to H & M.

Collins requested that Mary Hayes, Vice President of Human Resources, terminate Northington's employment based on her refusal to test. Hayes conducted an investigation, reviewed by two other H & M officers, and these three officers concluded that Northington had refused to take a reasonable suspicion drug test, under procedures provided by Concentra, and that situation warranted termination. Effective May 2, 2008, Northington was terminated by H & M due to her refusal to test. The three H & M officers were unaware of Northington's criminal complaint against Sims.

Northington filed suit, claiming that her termination was in retaliation for a series of complaints against Sims and in violation of Title VII. The district court

granted H & M's motion for summary judgment, finding that Northington failed to establish her retaliation claim because she did not establish that she had participated in protected activity under Title VII. Northington appeals the district court's decision granting summary judgment.

In the lower court, Northington filed a motion for sanction for failure to produce electronically stored information on the basis that H & M had failed to preserve the contents of relevant email accounts. Collins and Hoskins-Collins were no longer employed by H & M by September 2008 and their accounts were remotely wiped. In January 2010, H & M moved its email system to another vendor. During this transition, Sims' account was deemed inactive and deleted. H & M should have preserved these accounts. The district court found that H & M's conduct was negligent but not willful and (1) ordered H & M's counsel to conduct another search for documents; (2) assessed H & M reasonable costs and fees; (3) deemed specific facts admitted at trial; and (4) precluded H & M from making certain arguments at trial.[1] Northington argues on appeal that this sanction precluded the award of summary judgment.

---

[1] The Order mandated the follow instruction to a jury or judge in a bench trial: "At trial, the jury be instructed that beginning in July 2008, the defendant had a duty to preserve all electronically stored information, including emails, concerning plaintiff's allegations but did not do so. In addition, the defendant is barred from arguing that the absence of discriminatory statements is evidence that no such statements were made."

The district court had jurisdiction in this matter pursuant to 28 U.S.C. § 1331 (2006). As an appeal from the district court's final order, this court has jurisdiction under 28 U.S.C. § 1291 (2006). We review a district court's grant of summary judgment *de novo*. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011). Summary judgment is proper when the record shows that there is no genuine dispute of any material fact. Fed. R. Civ. P. 56(a). The district court did not err by granting summary judgment in favor of H & M. Further, the discovery sanction entered against H & M does not preclude summary judgment.

## I.

Northington filed internal complaints and a criminal complaint regarding Sims' treatment of her. Title VII protects those actions only if the complaints arose from harassment based on a protected factor. *See* 42 U.S.C. § 2000e-3(a) (2006). A plaintiff can establish retaliation using a direct or indirect method of proof. To establish a Title VII violation under the direct method, a plaintiff must show that she (1) engaged in statutorily protected activity; (2) she suffered an adverse employment action taken by the employer; and (3) there was a causal connection between the two. *Kodl v. Bd. of Educ. Sch. Dist. 45*, 490 F.3d 558, 562 (7th Cir. 2007). Under the indirect method, a plaintiff must show that she (1) engaged in statutorily protected activity; (2) met the employer's legitimate expectations; (3) suffered an adverse employment action; and (4) was treated less

favorably than similarly situated employees who did not engage in a statutorily protected activity. *Amrhein v. Health Care Serv. Corp.*, 546 F.3d 854, 859 (7th Cir. 2008); *Kodl*, 490 F.3d at 562.

An employee engages in a protected activity by either: (1) filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII or other employment statutes; or (2) opposing an unlawful employment practice. Vague and obscure "complaints" do not constitute protected activity. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 850-51 (7th Cir. 2008). The record demonstrates that Sim's behavior toward Northington did not involve Northington's race or gender; rather, it was personal and based on Northington's involvement with Maghett. There is nothing in the record which indicates that Sims, who is of the same race and gender as Northington, was motivated by anything but personal conflict. Because the harassment itself was not a purported violation of Title VII, Northington's complaints do not qualify as alleging a protected activity. The district court properly held that Northington's retaliation claim fails as a matter of law.

Thus, the district court's analysis of H & M's motion for summary judgment correctly concluded that protected activity was not involved. None of Northington's alleged protected activities (filing internal complaints and filing a criminal complaint) qualified as such. These involve simply personal conflicts.

## II.

The remaining matter of the discovery sanction is easily dismissed. Northington contends that the discovery sanction requires application of an adverse inference and therefore precludes summary judgment for H & M. She argues that the sanction allows an adverse inference that the negligent destruction of electronically stored information indicates the lost information contained evidence of Title VII violations. However, the sanction only prevents H & M from inferring an absence of discrimination from the lack of evidence. The Magistrate specifically noted that H & M did not destroy the evidence in bad faith, which is a required element for allowing this kind of adverse inference. *See Fass v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008). Accordingly, the discovery sanction entered against H & M does not preclude summary judgment.

Northington's Title VII retaliation claim fails because she was not engaged in a protected activity. The district court did not err in granting summary judgment for H & M.

AFFIRMED.