Mitchell WOJTANEK, Plaintiff–
Appellant,

v.

CONSOLIDATED CONTAINER
COMPANY LP, Defendant–
Appellee.

No. 13–1192.

United States Court of Appeals,
Seventh Circuit.

Submitted May 9, 2013.*

Decided May 10, 2013.

Rehearing Denied June 14, 2013.

Mitchell Wojtanek, Arlington Heights,
IL, pro se.

James F. Botana, Jackson Lewis LLP,
Chicago, IL, for Defendant–Appellee.

Before JOEL M. FLAUM, Circuit
Judge, DIANE S. SYKES, Circuit Judge
and JOHN DANIEL TINDER, Circuit
Judge.

### ORDER

Mitchell Wojtanek has twice sued his
former employer, Consolidated Container
Company, for age discrimination.** His
first suit (based on an administrative
charge of discrimination filed in 2007 with
the Illinois Department of Human Rights
and the Equal Employment Opportunity
Commission) alleged that Wojtanek was
harassed from 2003 to 2006 and then fired
from his job in August 2006 on account of
his age. *See* 29 U.S.C. § 626(c). In that
lawsuit the district court entered summary
judgment for Consolidated Container.
*Wojtanek v. Consol. Container Co.*, No. 09
CV 202 (N.D.Ill. Sept. 12, 2011). Wojta-
nek did not appeal that decision.

Wojtanek's second lawsuit (based on a
January 2008 charge of discrimination) is
the subject of this appeal. In his second
suit Wojtanek repeats many of the allega-
tions from his first case but advances a
different theory about the loss of his job:
that Consolidated Container fired him in
retaliation for complaining that older em-
ployees had been replaced by younger
ones. The district court granted the com-
pany's motion for summary judgment on
the ground that Wojtanek had not filed his
administrative charge within 300 days af-
ter he was fired. *See* 29 U.S.C.
§ 626(d)(1)(B); *Nagle v. Vill. of Calumet
Park*, 554 F.3d 1106,1121 n. 4 (7th Cir.
2009).

Wojtanek's appellate brief gives us no
basis to disagree with the district court.
We cannot make sense of his contention
that the administrative charge he filed in
2008 "perfected" his 2007 charge. The
defendant supposes that Wojtanek refers
to a code provision allowing the Illinois
Department of Human Rights to accept a
minimally adequate charge of discrimina-
tion on condition that the aggrieved em-
ployee will supply missing details later.
*See* ILL. ADMIN. CODE tit. 56, § 2520.350.

---

* After examining the briefs and the record, we
have concluded that oral argument is unnec-
essary. The appeal is thus submitted on the
briefs and the record. *See* FED. R.APP. P.
34(a)(2)(C).

** Wojtanek is no stranger to litigation claiming
employment discrimination. *See Wojtanek v.
Pactiv LLC*, 492 Fed.Appx. 650 (7th Cir.2012);
*Wojtanek v. Dist. No. 8, Int'l Ass'n of Machin-
ists & Aerospace Workers*, 435 Fed.Appx. 545
(7th Cir.2011).

But that provision concerns the content, not the timeliness of an administrative charge and does not supplant the 300–day deadline in § 626(d)(1)(B).

Neither are we persuaded by Wojtanek's assertion that Consolidated Container did not object to the timeliness of his 2008 charge during the administrative investigation that followed. He cites no authority in his brief supporting the view that a private employer waives a timeliness defense in later litigation by not raising the point during administrative proceedings. Moreover, Wojtanek did not argue waiver in the district court at summary judgment and, thus, cannot raise that contention now for the first time. *See Laouini v. CLM Freight Lines, Inc.,* 586 F.3d 473, 479 (7th Cir.2009); *Metzger v. Ill. State Police,* 519 F.3d 677, 681–82 (7th Cir.2008).

And, finally, Wojtanek is not saved by the exception to administrative exhaustion that applies when an employer allegedly has retaliated for an existing charge of discrimination. *See Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs,* 343 F.3d 897, 898 (7th Cir.2003); *Heuer v. Weil–McLain, a Div. of The Marley Co.,* 203 F.3d 1021, 1023 (7th Cir.2000). Wojtanek did not invoke that exception, nor could he because his employment was terminated in 2006 even before he filed his first administrative charge.

AFFIRMED.