NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013[*]
Decided May 10, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1192

| | |
|---|---|
| MITCHELL WOJTANEK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 11 C 790 |
| CONSOLIDATED CONTAINER | |
| COMPANY LP, | Gary Feinerman, |
| *Defendant-Appellee.* | *Judge*. |

**ORDER**

Mitchell Wojtanek has twice sued his former employer, Consolidated Container Company, for age discrimination.[**] His first suit (based on an administrative charge of

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

[**]Wojtanek is no stranger to litigation claiming employment discrimination.

(continued...)

discrimination filed in 2007 with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission) alleged that Wojtanek was harassed from 2003 to 2006 and then fired from his job in August 2006 on account of his age. *See* 29 U.S.C. § 626(c). In that lawsuit the district court entered summary judgment for Consolidated Container. *Wojtanek v. Consol. Container Co.*, No. 09 CV 202 (N.D. Ill. Sept. 12, 2011). Wojtanek did not appeal that decision.

Wojtanek's second lawsuit (based on a January 2008 charge of discrimination) is the subject of this appeal. In his second suit Wojtanek repeats many of the allegations from his first case but advances a different theory about the loss of his job: that Consolidated Container fired him in retaliation for complaining that older employees had been replaced by younger ones. The district court granted the company's motion for summary judgment on the ground that Wojtanek had not filed his administrative charge within 300 days after he was fired. *See* 29 U.S.C. § 626(d)(1)(B); *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009).

Wojtanek's appellate brief gives us no basis to disagree with the district court. We cannot make sense of his contention that the administrative charge he filed in 2008 "perfected" his 2007 charge. The defendant supposes that Wojtanek refers to a code provision allowing the Illinois Department of Human Rights to accept a minimally adequate charge of discrimination on condition that the aggrieved employee will supply missing details later. *See* ILL. ADMIN. CODE tit. 56, § 2520.350. But that provision concerns the content, not the timeliness of an administrative charge and does not supplant the 300-day deadline in § 626(d)(1)(B).

Neither are we persuaded by Wojtanek's assertion that Consolidated Container did not object to the timeliness of his 2008 charge during the administrative investigation that followed. He cites no authority in his brief supporting the view that a private employer waives a timeliness defense in later litigation by not raising the point during administrative proceedings. Moreover, Wojtanek did not argue waiver in the district court at summary judgment and, thus, cannot raise that contention now for the first time. *See Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 479 (7th Cir. 2009); *Metzger v. Ill. State Police*, 519 F.3d 677, 681–82 (7th Cir. 2008).

---

[**](...continued)
*See Wojtanek v. Pactiv LLC*, 492 F. App'x 650 (7th Cir. 2012); *Wojtanek v. Dist. No. 8, Int'l Ass'n of Machinists & Aerospace Workers*, 435 F. App'x 545 (7th Cir. 2011).

And, finally, Wojtanek is not saved by the exception to administrative exhaustion that applies when an employer allegedly has retaliated for an existing charge of discrimination. *See Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs*, 343 F.3d 897, 898 (7th Cir. 2003); *Heuer v. Weil-McLain, a Div. of The Marley Co.*, 203 F.3d 1021, 1023 (7th Cir. 2000). Wojtanek did not invoke that exception, nor could he because his employment was terminated in 2006 even before he filed his first administrative charge.

AFFIRMED.