NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2018[*]
Decided May 11, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-2519

| | |
|---|---|
| WILLIE E. JONES, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-2004 |
| HEARTLAND EMPLOYMENT SERVICES, LLC, *Defendant-Appellee.* | Colin S. Bruce, *Judge*. |

**O R D E R**

Willie Jones sued his former employer, Heartland Employment Services, for defamation under Illinois law, and sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964. The district court entered summary judgment for Heartland. Because a reasonable factfinder could not conclude that the events on which

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

Jones bases his suit were defamatory, created a hostile work environment, or were unlawfully retaliatory, we affirm.

Jones, an African-American man who worked as a cook and as an aide at a nursing home staffed by Heartland, complains of three problems. We describe the evidence for each one in the light most favorable to Jones, beginning with what Jones calls defamation. Jones overheard his supervisor say about him: "He doesn't like white people. That's why we keep having trouble with him." Jones argues that the remark, which implied that he was a racist, hurt his reputation, but he supplied no evidence of reputational harm. The second issue regards his work environment. A female client at the nursing home once told him that she had a crush on him, asked if he was married, invited him to her room, and tried to touch him. Jones reported the conduct, which he views as sexual harassment, and he says that Heartland did not respond. The last issue is retaliation. In August 2015 Jones filed a charge with the Equal Employment Opportunity Commission for race and sex discrimination and retaliation. Then, over the next five months, he had the following troubles at work: Coworkers threw out food that he cooked and told him how "to do things." His supervisor twice used a "nasty" and loud voice when speaking to him. He received disciplinary written warnings for, according to Heartland, storing his watch in a pan of rice and refusing to wash dishes, among other tasks. Last, compared to others, he received fewer scheduled overtime hours during a holiday.

The district court entered summary judgment in favor of Heartland. Relying on *Stevens v. Tillman*, 855 F.2d 394 (7th Cir. 1988), the judge said that being called "racist" was not defamatory. The workplace was not unlawfully hostile, the judge also concluded, and the "retaliatory" actions were not materially adverse or caused by his EEOC charge.

Heartland asks us to dismiss Jones's appeal under Federal Rule of Appellate Procedure 28(a). But Jones's opening brief engages with the district court's order while citing legal authorities. We construe his filings liberally and will address the discernible arguments. See *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

Jones first argues that his supervisor's comment ("he doesn't like white people") supports a claim of defamation. We will assume that the supervisor implied that Jones is racist, and that *Stevens*, on which the district court relied to reject Jones's claim, does not apply. In *Stevens* we concluded that when the president of a parent-teacher association used the "verbal slap" of calling a principal "racist," the principal (the target

of the "slap") had no defamation claim because he could "slap back." 855 F.2d at 402. But Jones, as a subordinate, could not "slap back" against his supervisor without adverse consequences. See *Taylor v. Carmouche*, 214 F.3d 788, 793 (7th Cir. 2000).

Nevertheless, Jones cannot survive summary judgment because he presented no evidence that the comment harmed his reputation. Defamation under Illinois law is either "*per quod*" or "*per se*." Defamation *per quod* requires a plaintiff to show reputational harm from the statements. *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 612–13 (7th Cir. 2013). Jones has no proof of such harm, so he must show that the comments were defamatory *per se*—so egregious that they are actionable without proof of injury. *Id*. at 613. Jones does not argue that any of the five categories of defamation *per se* apply to him, and after examining those categories ourselves, we conclude that none applies. Indeed, the supervisor's statement described Jones's character, and Illinois does not hold defendants liable under defamation *per se* for statements about a plaintiff's character, including the ability to work in harmony with others. See *Cody v. Harris*, 409 F.3d 853, 858 (7th Cir. 2005) (citing *Heying v. Simonaitis*, 466 N.E.2d 1137, 1143 (Ill. App. Ct. 1984)).

We turn to Jones's claim of a sexually hostile work environment. An employer can be liable under Title VII for harassment of an employee by a client. *Erickson v. Wis. Dep't of Corr.*, 469 F.3d 600, 605 (7th Cir. 2006). But liability depends on the "the severity of the allegedly discriminatory conduct, its frequency, whether it is physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with an employee's work performance." *Overly v. KeyBank Nat'l Ass'n*, 662 F.3d 856, 862 (7th Cir. 2011) (quoting *Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009)). Jones asserts that a client once said that she had a crush on him, asked if he was married, invited him to her room, and tried to (but did not) touch him. These occurrences are not actionable because they were not frequent, physical, or severe. See *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Overly*, 662 F.3d at 862 (ruling no harassment claim when supervisor called plaintiff "cutie" five to ten times over two months); *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 902–03 (7th Cir. 2005) (same when coworker referred to plaintiff's "tits," commented on female job applicants' physical appearance, made innuendo about penis size, and said that female coworker "just needed a good f* * *"); *Savino v. C.P. Hall Co.*, 199 F.3d 925, 933 (7th Cir. 1999) (noting that "sporadic use of abusive language, gender-related jokes, and occasional teasing" is not actionable harassment).

Jones also argues generally that Heartland retaliated against him because he filed an EEOC charge in August 2015. But as the district court correctly noted, Jones presented only a chronology of events with his coworkers and supervisors during the five months after he filed that charge. He supplied no evidence that they knew about the charge, let alone that the charge motivated their conduct. Moreover "'suspicious timing alone is insufficient' to support a Title VII retaliation claim." *Leonard v. E. Ill. Univ.*, 606 F.3d 428, 433 (7th Cir. 2010) (quoting *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 687 (7th Cir. 2010)). The district court therefore properly concluded that Jones had not shown that his coworkers' and supervisors' actions were in response to his EEOC charge. See *Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 563 (7th Cir. 2007).

One final matter: In the district court Jones pursued a race-discrimination claim based on the same events that we have discussed. But he does not press this issue in his appellate briefs, and so he has waived that claim. See *Bernard v. Sessions*, 881 F.3d 1042, 1048 (7th Cir. 2018).

AFFIRMED